# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD S. ROTHMAN<br><br>Plaintiff,<br><br>v.<br><br>CABANA SERIES IV TRUST et al.,<br><br>Defendants. | Civil Action No. 1:23-cv-03183<br><br>**MEMORANDUM ORDER** |

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Ronald S. Rothman's ("Plaintiff") Complaint and request to proceed *in forma pauperis*, (ECF No. 1), as well as Plaintiff's July 6 Letter, which appears to constitute an improper Notice of Removal. (ECF No. 4). Plaintiff has established his financial eligibility to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a) because of his limited income. (ECF No. 1-13). That request is therefore granted.

In his Complaint, Plaintiff appears to assert a qui tam action on behalf of the United States under the False Claims Act and also invokes various criminal statutes, including the Racketeer Influenced Corrupt Organizations Act (the "RICO Act"). (ECF No. 1). In the July 6 Letter, Plaintiff appears to request removal of *U.S. Bank Trust Nat'l v. Rothman*, No. F-1484-22 (N.J. Super. Ct. Ch. Div. 2022) (the "State Court Matter"), a now-closed foreclosure case from the Superior Court of New Jersey, Chancery Division, Atlantic County. (ECF No. 4). For the reasons that follow, any claims that Plaintiff asserts fail as frivolous and/or fails to state a claim, and the State Court Matter is remanded.

## I. LEGAL STANDARDS

### A. Review of Pleadings by Plaintiffs Proceeding *In Forma Pauperis*

Courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint when it lacks subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

### B. Removal of State Court Action

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing the propriety of removal and the existence of subject matter jurisdiction rests on the removing party. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes are "strictly

construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

## II. DISCUSSION

### A. The Court's Review of Plaintiff's Pleadings

In his Complaint, Plaintiff appears to assert a qui tam action on behalf of the United States under the False Claims Act and invokes violations of various criminal statutes, including the RICO Act. (ECF No. 1). If Plaintiff intends by these assertions to bring specific causes of action, all such actions fail.

To the extent Plaintiff asserts a qui tam action on behalf of the United States under the False Claims Act, that claim fails to state a claim and/or is frivolous. "A pro se litigant may not pursue a qui tam action on behalf of the Government." *Downey v. United States*, 816 Fed. App'x 625, 627 (3d Cir. 2020) (citing *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 245 (4th Cir. 2020)). Plaintiff identifies himself as a "[w]histleblower pursuant to the False Claims Act 31 U.S.C. Section 3729-3733 (1863)." (Pla. Compl. ECF No. 1 at 1). He also alleges various wrongs against the United States, noting that allegedly lost "insurance money is taxpayers' money funded by Americans . . . ." (ECF No. 1 at 9). These statements do not assert a qui tam action in so many words. But, if Plaintiff nevertheless intends to assert such an action, that action is prohibited, and the claim must be dismissed. *Downey*, 816 Fed. App'x at 627. The case may also be unsealed for that reason.

Plaintiff also appears to seek relief under various federal criminal statutes, including, among others, the RICO Act.[1] A "bare criminal statute" does not create a private right of action.

---

[1] Plaintiff lists the following statutes in his "Factual Allegations Section," implying he alleges Defendants violated each: 5 U.S.C. § 2302(b)(8)-(9); 18 U.S.C. § 1033; 18 U.S.C. § 47; 18

*Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994). And individuals may not sue to compel the enforcement of criminal laws. *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). Accordingly, if Plaintiff intends to assert causes of action under the RICO Act or any other criminal statute, any such claims must be dismissed as he has no standing to do so.

### B. Removal of State Court Matter

To the extent Plaintiff's July 6 Letter constitutes a Notice of Removal of the State Court Matter, that Notice is improper, and the State Court Matter must be remanded. On February 23, 2022, U.S Bank Trust National Association commenced the State Court Matter in the Superior Court of New Jersey, Chancery Division, Atlantic County. *Compl.*, *U.S. Bank Trust Nat'l v. Rothman*, No. F-1484-22 (N.J. Super. Ct. Ch. Div. Feb. 23, 2022). The complaint that initiated the State Court Matter does not set forth any federal cause of action or indicate any other basis for removal under 28 U.S.C. §§ 1441 and 1446. *Id.* Plaintiff has also failed to file all pleadings previously filed in the State Court Matter as required by federal law. 28 U.S.C. § 1446. And the 30-day removal clock has long since run out. 28 U.S.C. § 1446. Therefore, to the extent Plaintiff's July 6 Letter constitutes a Notice of Removal of the State Court Matter, that Notice is improper, and the State Court Matter must be remanded to the Superior Court of New Jersey, Chancery Division, Atlantic County.

*

---

U.S.C. § 666; 18 U.S.C. § 287; 18 U.S.C. § 371; 18 U.S.C. § 1001; 18 U.S.C. § 1341; 18 U.S.C. § 1343; 18 U.S.C. § 1007; 31 U.S.C. § 3279; 18 U.S.C. § 1962(a) (ECF No. 1, at 5).

For the foregoing reasons,

**IT IS HEREBY** on this 31st day of July 2023,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-13) is **GRANTED**, and the Complaint, (ECF no. 1) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that this case shall be unsealed; and it is further

**ORDERED** that to the extent Plaintiff's July 6 Letter can be interpreted as a Notice of Removal of *U.S. Bank Trust Nat'l v. Rothman*, No. F-1484-22 (N.J. Super. Ct. Ch. Div. 2022), that matter is **REMANDED** to the Superior Court of New Jersey, Chancery Division, Atlantic County; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court shall send a copy of this Order to the Clerk of the Superior Court of New Jersey, Chancery Division, Atlantic County; and it is finally

**ORDERED** that the Clerk shall close this case.

*Christine P. O'Hearn* (signature)

**CHRISTINE P. O'HEARN**
**United States District Judge**